**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

SHAWN M. GARVIN, SECRETARY )
of the DELAWARE DEPARTMENT )
OF NATURAL RESOURCES AND )
ENVIRONMENTAL CONTROL, )
     Plaintiff, )     C.A. No.: N19M-10-195 SKR
     v. )
JESSE SINGH, Operator of Super )
Gas, f/k/a Bridge Gulf, )
     Defendant. )

## DECISION ON DAMAGES AFTER SUMMARY JUDGMENT

William J. Kassab, Esq., Deputy Attorney General for Delaware Department of Justice, *Attorney for Plaintiff Shawn M. Garvin, Secretary of the Delaware Department of Natural Resources and Environmental Control.*

Bayard J. Snyder, Esq., Snyder & Associates, P.A., *Attorney for Defendant Jesse Singh.*

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2019, Plaintiff Shawn M. Garvin, Secretary of the Delaware Department of Natural Resources and Environmental Control ("DNREC") filed a Complaint against Defendant Jesse Singh ("Singh"), the operator of Super Gas, a gasoline-dispensing facility in New Castle, Delaware. The Complaint arises from Administrative Penalty Order No. 2018-WH-0065 ("the Order") which was served on Singh on November 28, 2018, for a violation of the Underground Storage Tank ("UST") Regulations.[1] DNREC had inspected Singh's underground storage tank

---

[1] 7 *Del. Admin. C.* §1351.

on March 13, 2017, and found eighteen violations of the UST Regulations and Regulations Governing the Control of Volatile Organic Compound Emissions.[2] On March 20, 2017, DNREC issued a Request for Information letter to Singh, outlining the eighteen violations. On June 27, 2017, DNREC sent Singh a Notice of Violation letter. Singh ultimately submitted documentation to DNREC curing seventeen of the eighteen violations. Singh failed to cure the remaining violation of the UST Regulations, resulting in the Order. The violation in question was for a failure to produce annual automatic tank gauging equipment inspection results for the year 2016.

The Order directed Singh to pay an administrative penalty of $27,275.00, and an additional $2,950.00 for costs.[3] The Complaint requests a court order directing Singh to pay the money requested in the Order, in addition to a civil penalty. On March 26, 2021, Plaintiff filed a Motion for Summary Judgment, arguing that Singh had not produced any evidence to contradict the allegations of the Complaint. On August 11, 2021, Singh filed a response, conceding liability and the costs of $2,950.00, but opposing the amount of the administrative penalty, $27,275.00, and the civil penalty. On August 13, 2021, the Court granted the Plaintiff's Motion for Summary Judgment as to liability, and requested additional briefing to determine damages.

## II.    STANDARD OF REVIEW

The General Assembly authorized DNREC to exercise the sovereign power of the State of Delaware to protect the land and water resources of the State from

---

[2] 7 *Del. Admin. C.* §1124.
[3] The Order assessed Singh a $27,275.00 administrative penalty, but the Complaint later lists the amount as $27,750.00. *See*, Complaint, ¶ 20, 25. To resolve this discrepancy,  the Court will utilize the $27,275.00 amount referenced in the Order. *See*, Complaint, Exhibit 3.

pollution in order to protect the public health, safety, and welfare.[4] The Secretary of DNREC ("the Secretary") is in charge of enforcement.[5] This includes the ability to invoke administrative and civil penalties.[6]

In the event of nonpayment of an administrative penalty after all legal appeals have been exhausted, a civil action may be brought by the Secretary in the Superior Court for collection of the administrative penalty, including interest, attorneys' fees, and costs.[7] The validity, amount, and appropriateness of such administrative penalty shall not be subject to review.[8]

Any person found in violation of the Delaware Underground Storage Tank Act shall be liable for a civil penalty of not less than $1,000.00, nor more than $25,000.00 for each day of the violation.[9] The Superior Court shall have jurisdiction over such offenses.[10]

## III.   ANALYSIS

### A. The Order

Plaintiff seeks an administrative penalty of $27,275.00 and an award of costs of $2,950.00, both originating from the Order. Singh has not challenged the fact that he was assessed an administrative penalty in the amount of $27,275.00 or that he failed to appeal any of the assessments in the Order.  Hence, the only means by which Singh could find reprieve from the assessments in the Order is if the Court

---

[4] 7 *Del. C.* §6001.
[5] *Delaware Solid Waste Auth. v. Delaware Dept. of Nat. Resources and Envtl. Control,* 250 A.3d 94, 100 (Del. 2021).
[6] 7 *Del. C.* §6005(b)(3); 7 *Del. C.* §7411(e).
[7] 7 *Del. C.* §6005(b)(3).
[8] *Id.*
[9] 7 *Del. C.* §7411(e).
[10] *Id.*

has the discretion to suspend any portion of the civil or administrative penalties, and exercises that discretion in his favor.

Hence, the Court requested supplemental submissions on whether the Court has inherent discretion to suspend any portion of the administrative penalty. Both parties point to the Delaware Supreme Court's decision in *Dep't of Nat. Res. v. Front St. Properties,* [11] in support of their respective positions. The Court finds that *Front Street,* is inapposite to the issue of suspension of the administrative penalty. It does not address whether a court can modify or suspend an *administrative* penalty assessed pursuant to 7 *Del. C.* §6005(b)(3). Rather, *Front Street* addresses the Court's authority to suspend *civil* penalties pursuant to 7 *Del. C.* 7411(e).[12] There, the Delaware Supreme Court held that the trial judge had the authority to suspend the civil penalty at issue. It stated, "The General Assembly could choose to deny our courts the power to suspend civil penalties . . . Nevertheless, the General Assembly did not do so in 7 *Del. C.* § 7411(e)."[13]

In this case, 7 *Del. C.* §6005(b)(3) governs the administrative penalty. The statute expressly states that "the validity, amount and appropriateness of such administrative penalty shall not be subject to review."[14] The General Assembly has in fact denied the Court the ability to suspend such administrative penalties. Hence, the Court is precluded from altering the $27,275.00 administrative penalty assessed in the Order. For that reason, Singh is responsible for payment of the entire administrative penalty of $27,275.00 and an award of costs of $2,950.00, both originating from the Order.

---

[11] *Dep't of Nat. Res. v. Front St. Properties*, 808 A.2d 1204, 2002 WL 31432384 (Del. 2002) (TABLE).
[12] *Id.* at *2.
[13] *Id.*
[14] 7 *Del. C.* §6005(b)(3).

## B. The Civil Penalty

Plaintiff also seeks an additional $2,500.00 for Singh's repeated failure to comply with the Order since December 29, 2018.[15] Any violation of Chapter 60 of Title 7 of the Delaware Code shall be punishable, if the violation has been completed, by a civil penalty imposed by the Court of not less than $1,000.00 nor more than $10,000.00 for each completed violation.[16] The violator shall also be liable for a civil penalty of not less than $1,000.00, nor more than $25,000.00 for each day of the violation.[17] Plaintiff asserts that Singh technically owes "civil penalties in excess of millions of dollars" because he has been in violation of the Order for more than two and a half years.[18] Plaintiff acknowledges that this would be excessive and instead seeks an award of $1,000.00 per year of the violation of the Order, resulting in $2,500.00.

The Court previously addressed and established that it does have discretion to suspend a civil penalty pursuant to 7 *Del. C.* §7411(e). The Court requested that Plaintiff address what factors the Court should consider in assessing such a civil penalty. Plaintiff claims that the Court should look to the factors listed in 7 *Del. C.* §6005(b)(3). They are (1) the nature, circumstances, extent, and gravity of the violation, (2) the ability of the violator to pay, (3) any prior history of such violations, (4) the degree of culpability, economic benefit, or savings, if any, resulting from the violation, and (5) such other matters as justice may require.[19] Plaintiff contends that consideration of these factors supports a $2,500.00 civil penalty. Specifically, Plaintiff states that, "Singh's prolonged failure to comply . . .

---

[15] This is the date that the Order became unappealable, thirty-one days after Singh received the Order.
[16] 7 *Del. C.* §6005(b)(1).
[17] 7 *Del. C.* §7411(e).
[18] Plaintiff's Supplement Brief on Penalties ¶ 9.
[19] 7 *Del. C.* §6005(b)(3).

is a significant violation that ultimately required the Department to initiate this action . . ."[20]

Singh contends that the civil penalty is disproportionate to the severity of the violation. He specifically violated UST Regulation Part B, Section 2.9.5., which requires owners to have all tank gauge equipment inspected by a certified technician once every twelve months.[21] Singh states that "[i]n late 2016 [he] changed the contractor who monitored the underground tanks to lower his company's expenses."[22] He was unaware of the contractor's inadequate performance until he received Plaintiff's Request for Information letter on March 20, 2017.[23] He has since fired that contractor. Singh argues that "[t]he fired contractor was responsible for maintaining these inspection results for 2016. Having fired the contractor [I am] unable to produce the 2016 records."[24] Singh argues that he was otherwise compliant. Within thirty days of the receipt of the letter, he cured sixteen of the eighteen violations in question. Then, at a meeting on July 20, 2017, with DNREC, Singh cured the seventeenth violation.

Singh relies upon *Front Street*, in which the trial judge reduced the civil penalties because the violator, Front Street Properties, had no history of environmental violations, and the violation had caused no demonstrable environmental harm.[25] Front Street Properties operated a gas station and had breached the Underground Storage Tank Act; it never permanently removed or properly abandoned the UST systems after they had been out of service for more

---

[20] Plaintiff's Supplement Brief on Penalties ¶ 11.
[21] Defendant's Reply for Penalty Amount, Exhibit 1 at 3.
[22] Defendant's Reply for Penalty Amount at 2.
[23] Defendant's Reply for Penalty Amount, Exhibit 2.
[24] Defendant's Reply for Penalty Amount at 3.
[25] *Dep't of Nat. Res. v. Front St. Properties*, WL 31432384 at *2 (Del. 2002) (TABLE).

than twelve months.[26] The trial judge imposed minimum penalties and suspended a portion of them.[27]

This Court finds that civil assessment by Plaintiff against Singh in the amount of $2,500 is reasonable and extremely gracious considering the amounts that could have been assessed under in 7 *Del. C.* §6005(b)(1) and in 7 *Del. C.* §7411(e) for failure to comply with the Order since December 29, 2018.  After considering the totality of the factors set forth in 7 *Del. C.* §6005(b)(3), the Court finds that the assessment of a civil penalty in the amount of $2,500.00 is reasonable.[28]

## IV.   CONCLUSION

For the foregoing reasons, the Court enters judgment in favor of Plaintiff and against Singh for an administrative penalty of $27,275.00, costs in the amount of $2,950.00 and a civil penalty in the amount of $2,500.

**IT IS SO ORDERED**, this 21st day of December, 2021.

/s/ Sheldon K. Rennie
Sheldon K. Rennie, Judge

---

[26] UST Reg. Part B § 3.01 C.

[27] *Front St. Properties.* 2002 WL 31432384 at *1.

[28]  Plaintiff asserts that Singh has been in violation of the Order for over two and a half years and has accrued civil penalties in excess of one million dollars pursuant to §§6005(b)(1) and 7411(e). Plaintiff, however, only assessed penalty of $1,000 per year of violation of the Order.